# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**PATRICIA MARKLE,**

    Plaintiff,

v.                                                **CIVIL ACTION NO.: 3:13-CV-138**
                                                 **(GROH)**

**UNITED STATES OF AMERICA,**

    Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* TO LIMIT THE OPINIONS OF THOMAS M. ZIZIC, M.D. AND DENYING PLAINTIFF'S MOTION *IN LIMINE* TO STRIKE THE APRIL 15, 2015 EXPERT REPORT OF DANIEL L. SELBY

Currently pending before the Court are Plaintiff Patricia Markle's Motion *in Limine* to Limit the Opinions of Thomas M. Zizic, M.D. [ECF 42] and Motion *in Limine* to Strike the April 15, 2015 Expert Report of Daniel L. Selby [ECF 43]. For the following reasons, the Court **GRANTS** the Motion *in Limine* to Limit the Opinions of Thomas M. Zizic, M.D. and **DENIES** the Motion *in Limine* to Strike the April 15, 2015 Expert Report of Daniel L. Selby.

## I. Background

Patricia Markle brought this Federal Tort Claims Act ("FTCA") action against the United States, raising a single claim of medical negligence. She alleges a Depo-Provera injection caused her Nicolau syndrome, avascular necrosis and other permanent injuries.

On April 24, 2015, Markle filed the instant motions *in limine*. Her motions seek to limit the opinions of Thomas M. Zizic, M.D., the United States' medical expert, and strike the April 15, 2015 expert report of Daniel L. Selby, the United States' damages expert, on the ground that the United States did not timely disclose this information. The scheduling

order required that the United States make expert disclosures by December 12, 2014, that the parties complete discovery by February 20, 2015 and that the parties make Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures by April 24, 2015.

## II.  Law

A party must disclose witnesses who will offer expert opinions at trial.  Fed. R. Civ. P. 26(a)(2)(A).  A written report must accompany this disclosure for a witness who will testify solely as an expert.  Fed. R. Civ. P. 26(a)(2)(B).  This report must include, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them."  Id.

A party must supplement an expert disclosure when Federal Rule of Civil Procedure 26(e) requires doing so.  Fed. R. Civ. P. 26(a)(2)(E).  Rule 26(e) provides that a party must supplement or correct an expert disclosure upon learning that "in some material respect the disclosure . . . is incomplete or incorrect" and "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1).  The duty to supplement covers information in written expert reports. Fed. R. Civ. P. 26(e)(2).  A party must disclose "[a]ny additions or changes to this information" by the Rule 26(a)(3) pretrial disclosures deadline.  Id.

Sanctions apply if a party does not meet its expert disclosure obligations.  Under Federal Rule of Civil Procedure 37(c)(1), a party that does not "provide information or identify a witness as required by Rule 26(a) or (e)," cannot "use that information or witness to supply evidence . . . at a trial."  A party escapes this sanction by "showing that the failure to disclose is substantially justified or harmless."  Hoyle v. Freightliner, LLC, 650 F.3d 321, 329-30 (4th Cir. 2011) (citing Fed. R. Civ. P. 37(c)(1)).

2

District courts have "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless." S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). The Fourth Circuit held in Southern States that five factors guide this analysis:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Id.

### III. Discussion

**A. Motion *in Limine* to Limit the Opinions of Dr. Zizic**

Markle's first motion *in limine* concerns the opinions of Dr. Zizic. The United States timely disclosed Dr. Zizic as an expert and his expert report. The disclosure pertinently states: "Dr. Zizic will testify to a reasonable degree of medical certainty within the practice of rheumatology that there is no association between the Nicolau syndrome and any avascular necrosis of bone which Ms. Markle may have developed." The report states:

> I have reviewed the medical records and radiology studies of Patricia Markle as well as the deposition transcripts of Patricia Markle, Dr. Krista Hopkins and Nurse Carrie Chase. In doing so I have reached the following conclusions:
>
> Patricia Markle is a 47-year-old woman with history of systemic lupus erythematosus (SLE) who has been on chronic prednisone therapy since 1990. She was addicted to nicotine with a one half to two package per day smoking history since the age of 16. She had been getting intramuscular injections of Depo-Provera every 3 months for approximately 3 years without any untoward effects. On November 15, 2010, she received her 13th injection of IM Depo-Provera. Prior to leaving Dr. Hopkins' office, she developed a cutaneous and muscular reaction to the injection, which was subsequently diagnosed as Nicolau syndrome. Nicolau syndrome is an

> extremely rare complication of intramuscular injections of various drugs. Less than several hundred oases had been reported throughout the entire world in the 80 years since it was first described in the mid-1920s. The pathogenesis is not well understood. There is no specific therapy for Nicolau syndrome, so treatment is supportive and symptomatic. There is no association between Nicolau syndrome and avascular necrosis of bone. Thus, any avascular necrosis of bone in Patricia Markle is more likely than no due to her SLE, chronic prednisone therapy, and chronic smoking history. I hold all of these opinions to a reasonable degree of medical probability.

Markle argues that Dr. Zizic cannot offer the following opinions concerning the standard of care, breach of the standard of care and causation of Markle's Nicolau syndrome because the United States did not disclose them:

> (1) that the United States, through the actions of its agents and/or employees, complied with the applicable standards of care in its care and treatment of Markle; and

> (2) that the care and treatment provided by the United States, through the actions of its agents and/or employees, was not a proximate cause of Markle's Nicolau Syndrome.

The United States does not dispute that the report does not specifically state these opinions. Instead, the United States argues that the Court should allow Dr. Zizic to testify to these issues because the nondisclosure is substantially justified or harmless. Thus, Rule 37(c)(1) bars Dr. Zizic from offering such opinions unless the Court finds that the nondisclosure is substantially justified or harmless in light of the Southern States factors.

First, the report only indicates that Dr. Zizic will opine on what caused her avascular necrosis, not that he will address the standard of care, breach and causation as to her Nicolau syndrome. Thus, if Dr. Zizic addressed undisclosed opinions at trial, they would be a surprise to Markle. Second, it would be too late to cure the surprise. Third, admitting this evidence would significantly disrupt the trial. Trial is imminent, and Markle has no way of knowing the substance of these opinions to prepare for trial. Allowing this evidence

4

therefore would require delaying trial to allow time for the United States to provide the opinions and Markle to investigate them. Fourth, these opinions are important because they concern essential elements of Markle's claims. Finally, the reason for the nondisclosure weighs heavily against admitting this evidence because the United States has not explained why it did not disclose the opinions earlier.

Because all of the <u>Southern States</u> factors weigh against admitting this evidence, the United States' failure to disclose these opinions was not substantially justified or harmless. Accordingly, the Court grants this motion *in limine*. Dr. Zizic's testimony is limited to the opinions expressed in his expert report.

**B.  Motion *in Limine* to Strike Selby's April 15, 2015 Expert Report**

Markle's second motion *in limine* seeks to strike Selby's April 15, 2015 expert report.

On December 10, 2014, the United States produced Selby's original expert report. That report states that Selby assumed several factors in calculating Markle's future damages, including that she is disabled based on her deposition testimony. Then, the report estimates Markle's loss based on three scenarios:

> The present value of 16.90 hours per week for fifty (50) weeks per year at a rate of $9.10 amounts to **$195,166**;
>
> The net present value of 16.90 hours per week for fifty weeks per year at $13.00 per hour amounts to **$278,055** ($13.00 per hour used by the Plaintiff) [; and]
>
> The net present value of services for 24 hours for 50 weeks at a rate of $13.00 per hour amounts to **$395,916**.

On April 15, 2015, the United States produced an amended expert report prepared by Selby. This report added the following paragraph to Selby's assumptions:

5

> Ms. Markle had a pre-existing disability. I have adjusted the calculation to include consideration of the non-severe disability that Ms. Markle had on a pre-injury basis. The disability would cause a decrease in the probability that Ms. Markle would be able to perform services. The disabled participation rates have been drawn from the Gamboa Gibson Work-Life Tables, 2010. A ratio between non-disabled females and disabled females of like age has been determined. That resulting ratio was used to determine the disability factor used to discount the scheduled service hours throughout the progression.

The report then provides new estimates of Markle's future damages. These estimates reduced the present value of 16.90 hours per week for fifty weeks per year at a rate of $9.10 from $195,166 to $119,610, reduced the net present value of 16.90 hours per week for fifty weeks per year at $13.00 per hour from $278,055 to $170,409, and eliminated the third scenario.

Markle argues that the April 15, 2015 report should be excluded because it is a late disclosure and its untimeliness was not substantially justified or harmless.

In response, the United States explains the circumstances surrounding these reports. In May 2014, the United States asked Markle to sign a form consenting to the Social Security Administration ("SSA") releasing her disability records. Markle did not return the form until September 9, 2014, after which the United States requested the records from the SSA. Before receiving the records, the United States deposed Markle on October 7, 2014. Thereafter, the United States received Markle's records and disclosed them to her counsel on November 18, 2014. On December 12, 2014, the expert disclosures deadline, the United States filed its expert disclosures, including Selby's original expert report. However, the United States did not give Selby the records before then because it needed to tag and code them. In January 2015, the United States gave Selby the records. Then, on April 15, 2015, the United States disclosed Selby's revised expert

6

report.

Based on the foregoing, the United States argues that the April 15 report is a timely supplementation. The United States alternatively asserts that, if the report is not a supplementation, the Southern States factors excuse its untimeliness.

First, the Court must decide whether the April 15 report is a supplementation because, if it is, the United States timely filed it before the pretrial disclosures deadline.

"Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading." Akeva L.L.C. v. Mizuno Corp., 212 F.R.D. 306, 310 (M.D.N.C. 2002). Supplementation "does not cover failures of omission because the expert did an inadequate or incomplete preparation." Id.

When Selby compiled his original report, he knew that Markle was disabled based on her deposition testimony. He did not, however, know the extent of her disability until he reviewed her SSA records. Selby received those records after submitting his original report because the United States needed adequate time to prepare them for him. The April 15 report did not result from inadequate or incomplete preparation by Selby. Rather, Selby prepared his original report based on the information he had about Markle's disability and corrected his opinions after receiving her SSA records. Accordingly, the April 15 report is a timely supplementation.

Even if the report was not a supplementation, Rule 37(c)(1) would not exclude it because the Southern States factors favor finding the late disclosure was substantially justified or harmless. See Hoyle, 650 F.3d at 329-30.

First, the report is no surprise to Markle because Markle knew her disability impacted

7

Selby's original opinions and that the United States was obtaining records that further illuminated the nature of her disability. Second, if there had been a surprise, Markle could have conducted discovery regarding the report with leave of court. Third, there is sufficient time before trial for the Court to reopen discovery for the limited purpose of deposing Selby. Fourth, the report is important because it concerns the disputed issue of damages. Finally, the reason for the late disclosure favors admitting the report. The United States asked Markle to allow the SSA to release her records well before the expert disclosures deadline, but could not request the records until just three months before the deadline when Markle returned the consent form. With Markle's consent, the United States promptly obtained the records and prepared them for Selby's review. Thus, the report was understandably supplemented later as the United States needed time to obtain and prepare the records and Selby needed time to revise his report based on them.

Accordingly, having found that the report is a supplementation and, regardless, that the Southern States factors favor admitting it, the Court denies this motion *in limine*.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiff's Motion *in Limine* to Limit the Opinions of Thomas M. Zizic, M.D. and **DENIES** the Motion *in Limine* to Strike the April 15, 2015 Expert Report of Daniel L. Selby.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** July 22, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE