# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**PATRICIA MARKLE,**

    Plaintiff,

v.                                                          **CIVIL ACTION NO.: 3:13-CV-138**
                                                                               **(GROH)**

**UNITED STATES OF AMERICA,**

    Defendant.

## ORDER ON PLAINTIFF'S BILL OF COSTS

Currently before the Court is the Plaintiff's Bill of Costs [ECF No. 87], filed on April 1, 2016. The United States filed a response on April 8, 2016, and on April 18, 2016, the Plaintiff filed her reply. For the reasons set forth below, the Court finds that the Plaintiff should be reimbursed for costs in the amount of $2,684.55.

### I. Background

On March 18, 2016, following a bench trial in the above-styled matter, judgment was entered in favor of the Plaintiff and against the United States in the amount of $15,746.96. ECF No. 86. The bill of costs seeks taxation of costs in the amount of $4,762.01. ECF No. 87. In her memorandum in support, the Plaintiff seeks an additional $2,981.00 as reimbursement for expert witness travel fees. ECF No. 87-1 at 1. In total, the Plaintiff requests $7,743.01 in costs.

The United States makes the following objections to the Plaintiff's bill of costs: (1) the Plaintiff's $115.00 itemization for "courier service to the Department of H&H"; (2) the Plaintiff's $50.00 itemization for "filing – Department of H&H, Office of the General

Counsel, General Law Division"; (3) the Plaintiff's $165.00 itemization for "courier service to FTCA program"; (4) the Plaintiff's $1,068.46 itemization, depicting her half of the mediator's fee; (5) the Plaintiff's $1,000.00 itemization for the preparation of slides used by her expert, Dr. Gershwin, during his trial testimony; and (6) the Plaintiff's $2,981.00 itemization for Dr. Gershwin's travel fees. ECF No. 87-2 at 2. In reply, the Plaintiff indicates her withdrawal of the request for her half of the mediator's fee, thus bringing the total requested costs to $6,674.55.

## II. Applicable Law

Generally, costs other than attorney's fees should be awarded to the prevailing party in a civil case. Fed. R. Civ. P. 54(d)(1). However, in accordance with the common law doctrine of sovereign immunity, costs are specifically limited as against the United States. Id. ("[C]osts against the United States . . . may be imposed only to the extent allowed by law.") In 28 U.S.C. § 2412, the United States waives its sovereign immunity to pay for costs—excluding attorney's fees—that are explicitly enumerated in § 1920. These fees include

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

2

28 U.S.C. § 1920. The United States does not, however, waive its sovereign immunity in regard to costs not identified in § 1920, and thus costs not specifically enumerated in § 1920 may not be awarded. See EQT Corp. v. Miller, Civil Action No. 1:11CV197, 2013 WL 2103148, at *1 (N.D. W. Va. May 14, 2013) (citing Taniguchi v. Kan Pac. Saipan, Ltd., 132 S. Ct. 1997, 2001 (2012)). Furthermore, as delineated in § 1920(3), fees of expert witnesses are recoverable, but only to the extent provided by § 1821. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

The prevailing party bears the burden of demonstrating that the expenses identified in its bill of costs are permissible under § 1920. Ramonas v. W. Va. Univ. Hosps.-East, Inc., Civil Action No. 3:08-CV-136, 2010 WL 3282667, at *2 (N.D. W. Va. Aug. 19, 2010). Importantly, awarding costs under § 1920 is within the court's discretion. Crawford, 482 U.S. at 441-42.

### III. Discussion

#### A. Costs related to exhaustion of administrative remedies

The United States objects to the costs incurred by the Plaintiff in exhausting her administrative remedies[1] because those costs occurred prior to the filing of the instant case. In support, the United States points to the language of § 2412(a)(1), which provides that "[a] judgment for costs when taxed against the United States shall . . . be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party *in the litigation*." 28 U.S.C. § 2412(a)(1) (emphasis added). In reply, the Plaintiff avers that because she was under a statutory obligation to exhaust administrative remedies prior to

---

[1] The costs incurred by the Plaintiff in exhausting her administrative remedies include $115.00 for "courier service to the Department of H&H," $50.00 for "Filing – Department of H&H, Office of General Counsel, General Law Division," and $ 165.00 for "courier service to FTCA program." ECF No. 87-2 at 2.

3

filing suit against the United States, the associated costs were necessary to the instant case and thus fall under § 2412(a)(1)'s purview.

Neither party cites to any authority other than the text of § 2412(a)(1). Fees related to the exhaustion of administrative remedies are not delineated in § 1920, and a plain reading of § 2412(a)(1) does not allow reimbursement for case expenses incurred prior to the filing of the complaint. Waivers of sovereign immunity are "strictly construed, in terms of [their] scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996). A strict construction of § 2412(a)(1) does not permit recovery of expenses incurred prior to or following litigation in the district court. Therefore, the Plaintiff is not entitled to recover expenses acquired through the administrative exhaustion process.

### B. Cost of demonstrative slides used by expert witness

The United States objects to the reimbursement of costs in the amount of $1,000.00 for the PowerPoint slides used by Dr. Gershwin during his trial testimony. Costs of illustrative exhibits in relation to expert testimony are not taxable. Ramonas, 2010 WL 3282667, at *3 (citing Advanced Bus. Sys. & Supply Co. v. SCM Corp., 287 F. Supp. 143, 164 (D. Md. 1968)). The Plaintiff avers that "the cost of procuring these slides was minimal compared with the amount of money that can often be incurred in litigating a medical malpractice case." ECF No. 91 at 2. However, the relative cost of the slides does not bear any relation to whether or not the slides were necessary to Dr. Gershwin's testimony, or simply a demonstrative aid. The Plaintiff does not speak to the slides' necessity. Upon consideration, the Court finds that the slides utilized by Dr. Gershwin were merely incidental to his testimony and thus are not taxable as costs.

### C. Expert witness travel fees

The United States objects to the Plaintiff's request for an additional $2,981.00 in costs for the travel fees of her expert witness, Dr. Gershwin. Section 1821 sets a limit on the taxation of costs attributable to party witnesses. <u>Crawford</u>, 482 U.S. at 442. The relevant portions of § 1821 provide:

> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> (c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.
>
> . . .
>
> (4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.
>
> (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.
>
> (2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

28 U.S.C. § 1821.

Dr. Gershwin appeared before this Court on August 18, 2015, to testify on behalf of the Plaintiff. Therefore, the Plaintiff is entitled to the forty dollar attendance fee under § 1821(b). In light of Dr. Gershwin's trip from Davis, California, to Martinsburg, West Virginia, the Plaintiff is also entitled to a subsistence allowance under § 1821(d)(1) and (2). In relation to Dr. Gershwin's travel for this case, the per diem allowance prescribed by the Administrator of General Services for August 17, 2015, was $117.50; the rate for August 18, 2015, was $129.00; and the rate for August 19, 2015, was $34.50.[2] In total, the Plaintiff is entitled to $281.00 for Dr. Gershwin's subsistence allowance. Because per diem is calculated and provided pursuant to § 1821 for lodging, meals and incidental expenses, the Plaintiff is not entitled to recover the $500.00 cost for Dr. Gershwin's hotel stay or the $220.00 budgeted for per diem.

Furthermore, upon review of Dr. Gershwin's "invoice" [ECF No. 91-1], the Court finds that the Plaintiff is not entitled to reimbursement for Dr. Gershwin's plane ticket in the amount of $1,845.00, rental car in the amount of $140.00 or town car service in the amount of $276.00. The Plaintiff has not provided the Court with "[a] receipt or other evidence of actual cost" in regard to any of these three modes of transportation. See 18 U.S.C. 1821(c)(1). At most, the Plaintiff has provided an informal estimation of Dr. Gershwin's expected travel costs in relation to his testimony in this case. The invoice supplied by the Plaintiff is from April 8, 2015, which predates Dr. Gershwin's trip to Martinsburg, West Virginia, by more than four months. Furthermore, the Court does not

---

[2] Dr. Gershwin appeared before this Court to testify on August 18, 2015. Taking into consideration his travel from California, the Court allotted two nights of lodging (for the nights of August 17, 2015, and August 18, 2015), one full day of meals and incidental expenses (for August 18, 2015), and two days of meals and incidental expenses at seventy-five percent (for August 17, 2015, and August 19, 2015). In August of 2015, the daily rate for lodging in Martinsburg, West Virginia, was $83.00, and the daily rate for meals and incidental expenses was $46.00. Travel Resources: Per Diem, GSA (May 15, 2016), http://www.gsa.gov/portal/category/26429.

6

find a town car service at a cost of $276.00 to be the most economical rate—or the most economical method of transportation—reasonably available. See 28 U.S.C. §1821(c)(1). Therefore, the Plaintiff is not entitled to recover the full $2,981.00 amount in expert witness travel fees.

## IV. Conclusion

Accordingly, the United States is **ORDERED** to reimburse the Plaintiff for costs in the amount of $2,684.55.

The Court **DIRECTS** the Clerk to tax $2,684.55 in costs.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** May 26, 2016

*[signature]*

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE